### NEW HAVEN WEB CO. *v.* FERRIS.

### ARMSTRONG MANUF'G CO. *v.* SAME.

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

ARREST—IN CIVIL ACTIONS.

Code Civil Proc. N. Y. § 549, provides that, in an action in which the defendant is arrested for disposing of his property with intent to defraud his creditors, a recovery cannot be had unless plaintiff alleges and proves that the defendant has committed such fraud. Section 558 provides that if the complaint fails to contain the requisite allegations, as provided by section 549, the defendant may move at any time to vacate the order of arrest. *Held*, where a defendant was arrested on such a charge, but the complaint was not served or filed prior to judgment, and it was not until after final judgment had been entered by the plaintiff, which was more than 20 days after the arrest, that the defendant discovered that the complaint did not contain the requisite allegations as to fraud, that he was not then precluded from moving to vacate the order of arrest, by section 567, which provides that the motion to vacate an order of arrest may be made at any time before final judgment, or, if the defendant was arrested within 20 days before final judgment, at any time within 20 days after the arrest.

Appeal from special term.

Actions by the Armstrong Manufacturing Company and by the New Haven Web Company against Francis J. C. Ferris. A motion by defendant to vacate an order of arrest was denied, and he appeals. Code Civil Proc. N. Y. § 567, provides that, except where an order of arrest can be granted only by the court, a defendant may at any time before final judgment, or, if he was arrested within 20 days before final judgment, at any time within 20 days after the arrest, apply to vacate the order of arrest.

Argued before VAN HOESEN, DALY, and ALLEN, JJ.

*Andrew Gilhooly,* for appellant. *Franklin Bien,* for respondents.

VAN HOESEN, J. The plaintiffs charged the defendant with having disposed of his property with intent to defraud his creditors, and on the 29th day of May, 1888, the defendant was, on their application, arrested. The complaints were not served. On the 19th of June, 21 days afterwards, the plaintiffs entered their judgments upon complaints that did not contain any allegation that the defendant had fraudulently disposed of his property, but contained only an ordinary averment of a sale and delivery of goods to the defendant. As the defendant was arrested more than 20 days before the entry of final judgment, and as before making the motion to vacate the order of arrest the defendant had been under arrest more than 20 days, the plaintiffs insist that the defendant is precluded by section 567 from moving to vacate the order of arrest. It is plain that section 567 does not apply to this case. The ground of the defendant's motion was not exposed until after judgment had been entered, and then he had been in custody for more than 20 days. It was not until final judgment had been entered, which was at least 21 days after his arrest, that the defendant discovered that the complaints, which had never been served at all, and which had not previously been filed, failed to contain what section 549, subd. 4, imperatively requires that they shall contain, namely, the allegation that defendant had disposed of his property with intent to defraud his creditors. It would be a mockery to provide that the defendant may not take advantage of an objection, the existence of which he could not possibly detect until the time to make the objection has passed beyond recall.

The defendant was not too late in his motion. Section 549 provides that there cannot be a recovery in an action in which a defendant is arrested for dis-

posing of his property with intent to defraud his creditors, unless the plaintiff alleges in his complaint, and proves at the trial, that the defendant has committed the fraud. If the complaint fails to contain the necessary and requisite allegation, the defendant may, under section 558, move, at any time, to vacate the order of arrest. The plaintiff, for want of such an allegation in his complaint, cannot recover in the action, and, as he cannot recover, it would be idle to hold the defendant to answer any judgment that might be recovered. As the action must needs fail, the order of arrest must fail. The plaintiffs had no right to enter judgment as they did in these cases, and they did not better their condition by their unwarranted proceedings. As they had arrested the defendant for disposing of his property with intent to defraud his creditors, they were bound, before they entered any judgment, to serve an amended complaint in which the charge of fraudulently disposing of property should have been plainly made. Section 558. The motions to vacate the orders of arrest should be granted, with costs.